STATE OF WEST VIRGINIA

FILED

September 17, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JAMES JOHNSTON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1086** (BOR Appeal No. 2049462)
(Claim No. 2013011718)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner James Johnston, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 24, 2014, in which the Board affirmed a May 20, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 11, 2013, decision denying Mr. Johnston's request to reopen the claim for temporary total disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's November 25, 2013, decision holding compensable the diagnosis of lumbar sprain, but denying compensability of the diagnoses of sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnston worked as a coal miner for Consolidation Coal Company. Mr. Johnston suffered a low back injury when he was lifting a rail from the ground to a rail car. The claim was held compensable for lumbar sprain, and the claims administrator found Mr. Johnston was

1

eligible for temporary total disability benefits from November 8, 2012, through November 9, 2013. The claim was closed for temporary total disability benefits on December 18, 2012, because the claims administrator's November 16, 2012, decision outlined the reason for suspension of benefits and no additional evidence was received to substantiate the continuation of benefits. Mr. Johnston requested the claim be reopened for temporary total disability benefits. Mr. Johnston also requested that the following diagnoses be added to the claim as compensable: sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago. On January 23, 2013, Mark Fye, M.D., completed the physician portion of the claim reopening application and diagnosed Mr. Johnston with L5-S1 degenerative disc disease. Dr. Fye determined that Mr. Johnston was able to perform light duty work. The claims administrator denied Mr. Johnston's request to reopen the claim for temporary total disability benefits and stated that Mr. Johnston was previously denied a reopening for temporary total disability benefits, which was affirmed by the Office of Judges on September 27, 2013. On November 7, 2013, Jesse A. Sally, D.O., completed the diagnosis update and diagnosed Mr. Johnston with sacroiliac joint arthritis/pain as primary diagnosis and lumbar radicular symptoms and low back pain as secondary diagnoses. The claims administrator held the diagnosis of lumbar sprain compensable, but denied compensability of the diagnoses of sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago.

The Office of Judges affirmed the claims administrator's October 11, 2013, and November 25, 2013, decisions. It found that the claim could not be reopened for temporary total disability benefits for the non-compensable diagnosis of degeneration of lumbar or lumbosacral intervertebral disc. It further found that the diagnoses of sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago were properly denied as being unrelated to the compensable condition of lumbar sprain. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Johnston disagrees and asserts that his lumbar problems flow directly from his compensable low back injury. Mr. Johnston also argues that he started missing work on July 10, 2013, and as of January 6, 2014, had not been released to return to work and, therefore, the Office of Judges erred in denying a reopening of the claim on a temporary total disability benefits basis. Consolidation Coal Company maintains that the Office of Judges found no persuasive evidence that the requested conditions were related to the compensable diagnosis of lumbar sprain and further found that sacroiliac joint arthritis/pain, the primary diagnosis in the diagnosis update, would not result from a mere lumbar sprain. Consolidation Coal Company also maintains that the Office of Judges properly denied Mr. Johnston's request to reopen the claim on a temporary total disability benefits basis.

Regarding the denial of temporary total disability benefits, the Office of Judges found the January 23, 2013, claim reopening application was previously considered in the Office of Judges' September 27, 2013, Order, which affirmed the claims administrator's denial to reopen the claim, and was affirmed by the Board of Review on September 24, 2014. The claim reopening application stated that the present diagnosis was L5-S1 degenerative disc disease. The Office of Judges stated this is not a compensable condition in this claim and, therefore, concluded that the claim cannot be reopened for a non-compensable diagnosis.

Regarding the denial of the conditions of sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago, the Office of Judges found that there was no persuasive evidence that these conditions are related to the compensable diagnosis of lumbar sprain. It noted that the primary diagnosis listed in the diagnosis update is sacroiliac joint/arthritis pain and found that sacroiliac joint/arthritis pain would not result from a mere lumbar sprain. However, the Office of Judges found that sacroiliac joint/arthritis pain could be the cause of lumbosacral neuritis or radiculitis and lumbago, but these are not compensable conditions in this claim. The Office of Judges concluded that the diagnoses of sacroilitis, not elsewhere classified; thoracic or lumbosacral neuritis or radiculitis, unspecified; and lumbago were properly denied.

The Board of Review agreed with the Office of Judges. This Court agrees with the Board of Review. On the claim reopening application, Mr. Johnston requested temporary total disability benefits for a non-compensable diagnosis of L5-S1 degenerative disc disease. Even Dr. Fye, who completed the physician's portion on the claim reopening application, found that Mr. Johnston was able to perform light duty work. Dr. Fye found Mr. Johnston can continue working and, therefore, he is ineligible for temporary total disability benefits pursuant to West Virginia Code § 23-4-7a (2005). The Board of Review properly denied the request to reopen the claim for temporary total disability benefits. In regard to the requested additional conditions, Dr. Sally requested these additional conditions be held compensable. He is the only physician who found these conditions should be held compensable. The record only contains one report from Dr. Sally, which is the diagnosis update that merely indicates that Mr. Johnston's complaints of pain responded to a prior sacroiliac joint injection. Dr. Sally failed to provide an explanation of how these conditions are related to the work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II